**Clarence D. SANDERS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 85–AR–5109–NW.**

United States District Court,
N.D. Alabama,
Northwestern Division.

Dec. 19, 1986.

Robert W. Bunch, Florence, Ala., for plaintiff.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Jenny L. Smith, Asst. U.S. Attys., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

Plaintiff Clarence D. Sanders brings this action to obtain judicial review of a final adverse decision of the Secretary of Health and Human Services (Secretary).

On November 28, 1983, Sanders filed an application for disability benefits under Title II of the Social Security Act. Review is sought pursuant to Section 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g).

The application was denied administratively. Sanders requested a *de novo* hearing before an administrative law judge (ALJ). On October 2, 1984, the ALJ held that Sanders was not entitled to the benefits sought. This decision was approved by the Appeals Council on January 11, 1985.

On February 7, 1985, Sanders commenced a civil action in this court seeking review of the Secretary's decision and filed his brief in support of reversal on May 28, 1985. This court took the case under submission on July 8, 1985. On October 15, 1985, the Secretary filed a motion to remand the case for reconsideration in light of new mental impairment regulations which require the Social Security Administration to re-examine any case receiving a final administrative decision after October 9, 1984. This court granted the Secretary's motion to remand by order entered October 17, 1985. By this time Sanders had been in the administrative morass for two years but was back to square one.

On remand the Appeals Council vacated its previous decision, and the case was submitted to a new ALJ for new administrative proceedings. On April 28, 1986, the ALJ issued a recommended decision finding Sanders disabled and awarding benefits. Pursuant to its authority under 20 C.F.R. § 404.983, the Appeals Council, by a decision dated September 25, 1986, refused to adopt the decision of the ALJ and instead denied Sanders' claim for benefits. This new decision of the Appeals Council became the final determination by the Secretary and is now before this court, Sanders being nearly three years in the process but thinking he saw a glimmer of light at the end of the tunnel.

On November 5, 1986, Sanders timely filed his brief in support of his claim and seeking reversal of the Appeals Council's decision. On November 12, 1986, the Secretary filed a motion for an extension of time within which the Secretary could submit a response. This court granted the Secretary's motion on November 13, 1986, *expecting a brief on the merits of the appeal.* However, instead of filing the expected brief, the Secretary again filed a motion to remand, invoking 42 U.S.C. § 423(d)(5)(B) which requires the Secretary "to develop a complete medical history of at least the preceding twelve months" when *denying* a claim for benefits. There is no such time limitation upon the consideration of medical evidence older than twelve months when *granting* benefits, as recommended by the ALJ. The Secretary says in his motion that the most recent evidence relied upon by the Appeals Council in its decision of September 26, 1986, is over two years old. This is a "cop out."

The issue before this court is not whether the Secretary should have another shot

at developing a record but whether or not the decision of the Secretary is supported by substantial evidence and based upon the proper legal standards. *Freeman v. Schweiker,* 681 F.2d 727 (11th Cir.1982). After carefully reviewing the record, the court is of the opinion that the decision is due to be reversed.

Sanders is a fifty-seven year-old male with a 12th–grade education. Sanders was formerly employed as a supervisor at the Ford Motor Company assembly plant in Florence, Alabama. He has a long history of alcoholism and mental impairment, including hospitalizations in 1973 and 1978 with electroshock treatments. The objective medical evidence in the record supports Sanders' claim of disability.

The Secretary found that Sanders' impairments rendered him unable to perform his past employment. "Thus, [Sanders] proved a prima facie case of disability, and the burden shifted to the Secretary to prove by a preponderance of the evidence that [Sanders] was able to perform a job which existed in substantial numbers in the national economy." *Gibson v. Heckler,* 762 F.2d 1516, 1518 (11th Cir.1985). The Secretary relied on the vocational experts' testimony and found that, despite Sanders' mental impairment, he could perform semi-skilled jobs available and in sufficient numbers in the economy. However, based on the medical evidence, this court finds that the Secretary's conclusion is not supported by substantial evidence.

The net effect of all of Sanders' impairments, singly and in combination, physical and mental, must be considered by the Secretary in determining disability. *Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir.1984); *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984). Though each impairment by itself may not be severe, a claim may still lie when there is a *combination* of impairments indicating that the claimant is disabled. *Hudson v. Heckler,* 755 F.2d 781, 785 n. 2 (11th Cir.1985). The decision by the ALJ on remand recommended an award of benefits, finding that the earlier denial of benefits by the Secretary demonstrated "a failure on the part of the previous decision to focus exclusively on the claimant's multiple physical and mental impairments and their combined residual effects on the claimant" (R. 307). This court agrees and concludes that the Appeal Council's decision refusing to adopt the opinion of the ALJ is not based on substantial evidence. *See Parker v. Bowen,* 788 F.2d 1512 (11th Cir.1986). Not only did the Appeals Council rely on medical evidence over two years old in violation of 42 U.S.C. § 423(d)(5)(B), which would merit remand, the Appeals Council also failed to make express credibility findings rejecting Sanders' testimony regarding his disability. *Id.* at 1520–1522. The Appeals Council's decision does not apply the proper legal standards and is not based on substantial evidence. It is as if it can rely on its own stupidity to work its will.

Sanders' application for disability insurance benefits has been pending for over three years. The Appeals Council has twice considered Sanders' application and denied benefits. When the Appeals Council again asks to reconsider Sanders' application, conceding that it erred in denying benefits based on the medical evidence before it, its request tests the patience of this court, which finds that Sanders' application for benefits to which he is entitled has been delayed either by incompetence or intransigence within the Social Security Administration long enough.

Apparently it is the belief of the Appeals Council that it is entitled to continue to have this case remanded *ad infinitum* until it correctly applies the proper legal standards and gathers enough evidence to support its conclusion or until the claimant dies and his estate is in a position to seek burial benefits, which, of course, may precipitate a new round of administrative proceedings. Any such belief by the Secretary is unfounded. This court concludes that a remand alone would only further delay Sanders' entitlement. The analogy comes to mind of the old tire. It can take only one retread. The second retread causes a blowout.

For the reasons stated, the decision of the Secretary is due to be reversed and benefits awarded in accordance with the April 28, 1986, recommended decision of the administrative law judge.

A separate order will be entered.