**Steven P. THAETE, Plaintiff,**

v.

**Donna SHALALA, Defendant.**

No. 92–C–1056.

United States District Court,
D. Colorado.

May 27, 1993.

Chris Noel, Boulder, CO, for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., for defendant.

## ORDER

CARRIGAN, District Judge.

Claimant Stephen P. Thaete commenced this action seeking judicial review of the Secretary of Health and Human Services' (the Secretary) final decision denying him benefits under sections 216(i) and 223 of the Social Security Act.

The parties have fully briefed the issues and oral argument would not materially facilitate the decision process. Jurisdiction is founded upon 42 U.S.C. § 405(g).

### I. *FACTUAL AND PROCEDURAL BACKGROUND.*

Claimant is thirty-five years old and was formerly employed as an accountant. He applied for disability benefits on May 9, 1988, alleging that he had not been gainfully employed since December 19, 1987 as a result of Chronic Fatigue Syndrome (CFS), also known as Epstein–Barr Virus Syndrome. In a decision issued September 19, 1989, Administrative Law Judge Fredrick Strothman (the

ALJ) denied benefits stating that the claimant had no medically determinable mental or physical impairment. (Rec., 46.)

Following a review requested by Thaete, the Appeals Council disagreed. The Appeals Council decreed Thaete's impairment to be severe and remanded the case to the ALJ to continue the evaluation process. (Rec., 32.)

In a decision issued on July 24, 1991, the ALJ again denied benefits, stating that Thaete retained the residual functional capacity (RFC) to perform unskilled sedentary to light work. The Appeals Council adopted the ALJ's decision, thus making it the final administrative decision.

Thaete asserts, *inter alia,* that the ALJ did not base his decision on substantial evidence, ignored the evidence of the claimant's treating physician and misapplied legal principles.

### II. *ANALYSIS.*

Determining whether a Social Security claimant is entitled to benefits involves a familiar five step process. *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir.1988).[1] The ALJ originally denied benefits at the second step in the process. On remand, he denied benefits at the fifth step.

The Secretary's opening and reply briefs barely address the issues raised by Thaete's appeal. Instead, the Secretary seeks a remand. This is the second time since commencement of Thaete's action that the Secretary has sought a remand. The first motion was denied by minute order on September 21, 1992.

The Secretary's rationale for seeking remand is twofold. First, the Secretary argues that a remand is necessary so the agency can address the opinion of Dr. Nicholas Nossa-

---

1. The first step asks whether the claimant is engaged in substantial gainful activity. *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir.1988). If he is, benefits are denied. The second step asks whether the claimant's condition is "severe." *Id.* If the disability is not severe, benefits are denied. The third step determines whether the claimant's impairments meet or equal those set forth in the "Listing of Impairments." *Id.* If

the claimant's disability meets or equals a listing, he or she is presumed to be disabled. If the claimant's impairments are not listed, the fourth step determines whether the claimant retains the RFC to perform his past relevant work. *Id.* If the claimant is so able, benefits are denied. The fifth step determines whether the claimant has the capacity to perform other work. *Id.*

man which substantiates Thaete's claims.[2] Second, the Secretary argues that a remand is necessary so that an independent medical expert can review the medical evidence regarding the claimant's ailment.[3]

The principle question raised by this appeal is whether the ALJ's findings are supported by substantial evidence and based upon the proper legal standards. There is no reason to remand the case again, especially in light of the fact that it was decided at a stage where the burden was on the Secretary. *See e.g., Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir.1985).

The Secretary is not entitled to remand *"ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sanders v. Secretary of Health & Human Services,* 649 F.Supp. 71, 73 (N.D.Ala.1986). Therefore, the Secretary's request to remand again for further proceedings is denied.[4]

At step five in the process, the Secretary carries the burden of showing that the claimant retains the RFC to perform certain jobs and that those jobs exist in significant numbers in the local and national economy. *Turner,* 754 F.2d at 328.

The ALJ found that Thaete retained the ability to perform low stress, unskilled repetitive jobs at the sedentary to light level of exertion. (Rec., p. 16.) A vocational expert testified in response to hypothetical questions posed by the ALJ, that there were jobs in the national economy that could be performed by Thaete. (Rec., pp. 161–66.)

The ALJ's hypotheticals, however, did not include mental or emotional impairments such as depression or severe stress. When Thaete's attorney added those factors to the mix to be considered, the vocational expert testified that there were no jobs that could be performed by Thaete. (Rec., pp. 166–71.)

The record is rich with evidence of Thaete's nonexertional disabilities. Dr. Allen G. Schaffert, M.D., determined that Thaete suffered from chronic depression. (Rec., p. 280.) The findings of Dr. James R. Regan, M.D., corroborate this diagnosis. (Rec., p. 378.) Thaete has been prescribed various medications for depression including Doxepin, Xanax and Prozac. (Rec., p. 400.) Thaete's therapist, a licensed clinical social worker, testified that he suffered from severe and chronic depression. (Rec., p. 102.) Thaete's treating physician stated that he is unable to perform sedentary work which would involve even minimal concentration. (Rec., p. 63.)

Clinical neuropsychologist Loren H. Meyerink, Ph.D., conducted a battery of tests on Thaete. The ALJ stated that the results indicated that Thaete retained the intellect, memory, concentration and attention span to perform at a high level in many areas. (Rec., p. 18.) However, Dr. Meyerink, stated:

> "Given the diagnosis of chronic Epstein–Barr infection, Mr. Thaete's abilities and emotional reaction can be expected to fluctuate with remissions and exacerbations of the disease. Thus, the patient might only be able to work on a limited basis which in turn would seriously restrict any vocational potential." (Rec., p. 276.)

Unlike the experts whose findings are contained in the record, the ALJ discounted the effect of CFS calling it a provisional diagnosis. In simple terms, the ALJ substituted his judgment for that of persons who possess expertise beyond his own.

In a factually similar case, the district court reversed the decision of an ALJ denying benefits to a person afflicted with CFS. *Reed v. Secretary of Health & Human Services,* 804 F.Supp. 914 (E.D.Mich.1992). There, the ALJ's decision was based on a hypothetical question posed to a vocational

---

**2.** It is not that the opinion of Dr. Nossaman was not before the ALJ at the time he made his decision. Rather, the ALJ simply did not address it.

**3.** CFS is a relatively new diagnosis. The first definitive article on the disease appeared in March 1987.

**4.** The ALJ has had the case before him twice. The Secretary's promise to place the case before a different ALJ does nothing to erase the fact that Thaete's application for benefits is nearly five years old.

expert that did not consider fatigue or other symptoms associated with CFS. *Id.* at 917. There, as here, the ALJ rejected the opinion of the claimant's treating physician and discounted the claimant's credibility. *Id.* at 918.

Here, the ALJ rejected the opinion of Thaete's treating physician with the conclusory statement that it was not based on significant medical findings and was contradicted by the neuropsychologist's tests. (Rec., p. 18.) Such statements do not rise to the level of specific reasons for rejecting the opinion of a treating physician. *See e.g., Reyes v. Bowen,* 845 F.2d 242 (10th Cir. 1988). Moreover, Thaete's urinanalysis and Epstein–Barr virus tests corroborate his physician's diagnosis, as well as form the basis for the physician's opinion regarding the effects of the disease.

The ALJ's hypothetical was based upon his own view of Thaete's malady. An ALJ is not free to substitute his own judgment for that of a medical expert. *Reed,* 804 F.Supp. at 919. The burden at that point in the proceeding was on the Secretary to provide substantial evidence that there was work in the national economy that the claimant was able to perform. "A response to a flawed hypothetical is not substantial evidence and cannot support a finding that work exists which the claimant can perform." *Id.* at 924; *see also Nielson v. Sullivan,* 992 F.2d 1118 (10th Cir.1993) (ALJ decision based on faulty hypothetical reversed). Therefore, the Secretary failed to carry her burden.

Accordingly, IT IS ORDERED that:

(1) The Secretary's motion to remand is denied;

(2) The Secretary's decision is reversed; and

(3) The case is remanded for an immediate award of benefits consistent with this opinion.