DECISION
Before this Court is an appeal from a July 27, 2001, decision by an Administrative Appeals Officer ("Officer") of the Rhode Island Department of Human Services ("DHS"), denying James Ferrante's (plaintiff) application for Medical Assistance ("MA") benefits. The plaintiff seeks reversal of the DHS decision denying his benefits. Jurisdiction in this Court is pursuant to G.L. 1956 § 42-35-15.
 Facts and Travel
The plaintiff is a forty-nine year old homeless man with a 6th grade education and no family. This action originated with the plaintiff's application for MA benefits. See AP-70 Information for Determination of Disability form, dated March 16, 2001. (AP-70). On the AP-70, the plaintiff states that he was treated at "County Clinic" and "JFK Hospital" within the last two years. The plaintiff signed three Authorizations to Release Confidential Medical Information forms. To support his application, the plaintiff also underwent an examination which produced a MA-63 form, DHS Physician Examination Report, completed by Dr. Susan Wong, M.D. (MA-63). Dr. Wong diagnosed the plaintiff with Type II diabetes, Hypertension, and Hepatitis C on March 1, 2001. Dr. Wong listed four medications that the plaintiff was taking for his medical conditions. According to Dr. Wong, these medical conditions would cause the plaintiff no functional limitations in an eight hour workday, except that the plaintiff can lift "up to ten pounds." Dr. Wong, however, checked "yes" in response to the question, "Is further examination necessary?" Medical reports from The Miriam Hospital of Providence, Rhode Island, from February 2001 and March 2001 were considered for the plaintiff's application for MA. However, the plaintiff submitted no medical reports from County Clinic or JFK Hospital.
On April 30, 2001, DHS's Medical [Assistance] Review Team ("MART") issued an AP-65, Disability Review and Decision ("MART decision"), which held that the plaintiff was not disabled, and thereby ineligible for MA benefits. In the comments section, however, "insufficient information" is clearly written. On June 12, 2001, the plaintiff signed a DHS-121, Request for Hearing form, appealing that decision. On July 25, 2001, an Administrative Hearing was held, and on July 27, 2001, a DHS Officer issued an Administrative Hearing Decision ("DHS decision"), denying the plaintiff disability benefits, from which the plaintiff timely appealed to this Court.
The plaintiff contends that the DHS hearing officer's decision, finding that the plaintiff was not disabled, violated state and federal law. Specifically, the plaintiff avers that said decision deprived him of benefits without due process by failing to provide him with a fair hearing because the decision maker was partial, the trial was not de novo, and the hearing officer failed to develop the record. Furthermore, the plaintiff argues that the findings of fact in the decision were insufficient and demonstrate a lack of independent review by the hearing officer.
Alternatively, DHS contends that the hearing officer was impartial and it is the hearing officer's duty to assess credibility. DHS further contends that the hearing officer's decision does include "findings of fact and conclusions of law," "but perhaps not to the plaintiff's liking." (State's Memo at 6.)
 Standard of Review
The Superior Court possesses appellate jurisdiction to review a decision of the Department of Human Services, as well as various state administrative agencies, and is controlled by G.L. § 42-35-15 (g). Section 42-35-15 provides in pertinent part:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from "substituting its judgment for that of the agency concerning the credibility of witnesses or the weight of the evidence concerning questions of fact." Kevin J. Tierney et al. v. The Department of Human Services, No. 200-342-M.P., Slip. Op. at 3 (R.I. filed March 28, 2002 (citing Star Enterprises v. DelBarone, 746 A.2d 692, 695 (R.I. 2000)). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, et al. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
 Agency Decision
Determining MA disability involves a five-step "sequential evaluation" process pursuant to 20 C.F.R. § 416.920. The hearing officer must consider "all relevant evidence," not only objective evidence, but medical history and subjective evidence, including applicant's own statements regarding daily activities, pain, and extent of limitations.20 C.F.R. § 416.924 (a), 20 C.F.R. § 416.912 (b); § 416.929(d) (1). State agencies can determine MA disability under federal law. 42 C.F.R. § 435.541 (c) — (f). A state agency determining MA disability must have a `medical review team' that must review medical and non-medical evidence to initially determine disability. Id. The agency then sends the written notice approving or denying the MA application, and must provide the opportunity for a de novo hearing before an agency hearing officer. 42 U.S.C. § 1396a(a) (3);42 C.F.R. § 435.912, 431.205-210.
"Agency decisions must include findings of fact accompanied by a concise and explicit statement of the underlying findings; fact findings must be `separately stated.'" G.L. § 42-35-12. See also Sakonnet Rogers v. Coastal Resources Management Council, 536 A.2d 893 (R.I. 1988) (an administrative decision which fails to include findings of fact required by [G.L. § 42-35-15(g)(6)] cannot be upheld); see also Sciaccia v. Caruso, 769 A.2d 578 (R.I. 2001). The purpose of the requirement is to prevent reviewing courts from having to speculate as to the basis for the agency's conclusion.
In the instant matter, the hearing officer did not inquire into the facts, such as treatment at "County Clinic," "JFK Hospital," or Mr. Ferrante's testimony that his condition had worsened. The record further reflects that the hearing officer also did not explore any possible mental impairments, the alleged new kidney disease, or the ongoing treatment at The Miriam Hospital. Instead the hearing officer repeatedly stated that Mr. Ferrante did not meet the MA disability standards because MART found him ineligible.
In fact, the hearing officer said that, "[Mr. Amaral] makes the [disability] determination." (Tr. at 7.) When Mr. Ferrante began to explain his sixth grade education and work history as it applies to his health, the hearing officer basically stated that she had enough information and that she had a time concern because of other hearings scheduled. (Tr. at 8.)
Here, in the "findings of fact" section the hearing officer preliminarily set forth a series of four facts which served only to summarize the procedural posture of the case. In the last area of the decision, the conclusion, the Hearing Officer merely states, "[I]n this matter the MART reviewed the MA63 and the AP70 and additional medical records and determined that the appellant's impairment is not severe."
This Court finds that the DHS decision lacks the findings of fact necessary for the DHS's determination that the plaintiff fails to meet the standard established for MA disability. The record demonstrates that the DHS merely relied on MART's initial decision to support its conclusion that the plaintiff possessed no physical limitations and was therefore not disabled. That conclusion lacks evidentiary support in the record.
In light of the foregoing, the Hearing Officer's decision to deny the plaintiff disability benefits is unsupported by the reliable, probative, and substantial evidence of record and is in violation of statutory provisions. See Thaete v. Shalala, 826 F. Supp. 1250 (D.Colo 1993) (reversing and remanding for an award of benefits after ALJ refused to properly consider the claimant's diagnosis of "chronic fatigue syndrome," claiming that it was not based on "significant medical findings"); Cohen v. Secretary, 964 F.2d 524 (6th Cir. 1993) (reversing and remanding for an award of benefits after ALJ refused to give proper consideration to claimant's diagnosis of chronic fatigue syndrome).
After review of the entire record, this Court finds that the decision of the DHS violates statutory provisions and is not supported by substantial evidence of the record. Substantial rights of the plaintiff have been prejudiced. Accordingly, the July 27, 2001 DHS decision is remanded to DHS for a determination of findings of fact and application of the facts to the relevant regulations pursuant to G.L. § 42-35-12.
Counsel may submit the appropriate order for entry.