

Miriam Harmatz, Miami, Fla., for plaintiff-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Elizabeth G. Marlowe, Elyse S. Sharman, Mary Ann Sloan, Mack A. Davis, Bruce R. Granger, Atlanta, Ga., for defendant-appellee.

**Francisco DEMENECH, Plaintiff–Appellant,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 89–5675.

United States Court of Appeals, Eleventh Circuit.

Oct. 2, 1990.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Francisco Demenech appeals from the judgment of the district court affirming the Secretary of Health and Human Service's (Secretary) decision to terminate Demenech's disability insurance benefits and supplemental security benefits under the Social Security Act. The Administrative Law Judge (ALJ) who presided over Demenech's disability hearing found that Demenech's medical condition had sufficiently improved that he could return to his previous employment. In reaching that conclusion the ALJ substantially relied upon the report of a post-hearing physician whom Demenech was not permitted to cross-examine. We hold that Demenech was deprived of his due process rights by not being allowed to cross-examine the author

of this adverse report. We vacate and remand.

## FACTS

At the time he was denied benefits in September 1987, Demenech was a forty-nine year old Cuban male with a fourth grade education. His past relevant work experience included work as a security guard.

In 1985 the Secretary found Demenech disabled due to Hodgkin's disease and the debilitating effects of chemotherapy. In 1987, following a continuing disability review, the Secretary determined that Demenech's disability had ceased and that he could return to his past relevant work activity. Demenech promptly sought review of the Secretary's decision to terminate his benefits, and a hearing was held before an ALJ in April 1988. Extensive testimony and conflicting accounts of Demenech's condition were adduced during and after the hearing.

Demenech testified that he experienced pain and numbness in his hands and feet. As a result of this discomfort, Demenech claimed that he could neither lift more than ten pounds nor stand for more than two hours per day. In short, he could not perform his duties as a security guard.

Dr. Maria Garcia–Moore, Demenech's treating physician, reported that although Demenech's Hodgkin's disease was in remission, he continued to suffer from vincristine-induced neuropathy, a painful side effect of chemotherapy characterized by numbness and pain in the hands and feet. Dr. Moore confirmed Demenech's account of his physical limitations by reporting that he could not lift more than ten pounds or stand or walk more than two hours in an eight-hour day. Consequently, Dr. Moore concluded that Demenech continued to be disabled.

Following the hearing two Social Security Administration consultative physicians examined Demenech. One of the physicians, Dr. Gagliardi, found Demenech to be disabled because his neuropathy rendered him weak and unable to lift or walk, and stand without pain for more than two hours. By contrast, the other consultative physician, Dr. Goldberg, gave a very favorable report of Demenech's condition. He concluded that Demenech had no limitations in his ability to do work-related activity. Moreover, Dr. Goldberg questioned the veracity of Demenech's claims of pain and numbness. Demenech's lawyer requested an opportunity to take the deposition of Dr. Goldberg and respond to his report. The ALJ, however, denied the request.[1]

After the submission of these two post-hearing evaluations, the ALJ decided that Demenech had experienced a medical improvement related to his ability to work. The ALJ held that while the evidence indicated that Demenech was still battling Hodgkin's disease (in remission) and that he suffered from vincristine-induced neuropathy, his impairment was not sufficiently restrictive to preclude his return to work as a security guard.[2] The ALJ further found that Demenech's testimony concerning the pain in his hands and feet was not credible. This finding rested in large part upon Dr. Goldberg's observations. After the Appeals Council denied Demenech's request for review, the ALJ's decision became the final decision of the Secretary.

The district court affirmed the Secretary's decision, concluding that it was supported by substantial evidence. The district court found that specific clinical tests measuring Demenech's performance of fine coordinated activity were inconsistent with his claims of disability and that Demenech was able to perform, without pain, simple motor tasks required for work as a security guard. Additionally, the district court found that Demenech's complaints were inconsistent with Dr. Goldberg's examination and that a medical report dated July 9,

---

1. Demenech did object to some of Dr. Goldberg's observations by way of affidavit. However, he was denied the opportunity to depose and cross-examine Dr. Goldberg.

2. Before disability benefits can be terminated, there must be a determination that medical improvement has occurred and that the improvement is related to the claimant's ability to do his prior work. 20 C.F.R. § 404.1594(a) (1988).

1987, placed very few restrictions on Demenech's activity.

## DISCUSSION

On appeal, Demenech makes several arguments. First, he contends that the Secretary's decision to terminate benefits was not supported by substantial evidence because the Secretary improperly rejected the opinion of Demenech's treating physician, Dr. Moore, and did not assign proper weight to Demenech's testimony. Second, Demenech argues that the Secretary failed to present substantial evidence that Demenech is able to return to his past work as a security guard. Third, Demenech alleges that he was denied due process because the ALJ denied his request to depose and cross-examine the post-hearing consultative physician, Dr. Goldberg. Since the Secretary relied heavily upon Dr. Goldberg's opinion in reaching the conclusion to terminate benefits, we address the third issue first. Concluding, as we do, that Demenech was entitled to depose Dr. Goldberg, it is unnecessary to address Demenech's other arguments.

At the threshold, we briefly discuss the standard by which we review the ALJ's decision to deny Demenech's request to depose Dr. Goldberg. The Secretary argues that under the regulations the ALJ has the discretion to permit cross-examination of a post-hearing physician if necessary for a full and true disclosure of the facts. *Solis v. Schweiker,* 719 F.2d 301, 302 (9th Cir.1983).[3] Demenech does not challenge the application of an abuse of discretion standard to his due process claim. Instead, Demenech argues that even if the claim is analyzed under an abuse of discretion standard, the ALJ abused his discretion in refusing to grant Demenech's request to cross-examine Dr. Goldberg. We assume, without deciding, that the ALJ has the discretion to decide when cross-examination is warranted, but we nonetheless conclude that the ALJ abused his discretion in this case.

This court previously has held that it violates a claimant's right to procedural due process for the Secretary to deny a claimant Social Security benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports. *Hudson v. Heckler,* 755 F.2d 781, 784 (11th Cir.1985); *Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir. 1981). The facts of this case do not compel a departure from this rule. The record demonstrates that Dr. Goldberg's report was the primary basis for the ALJ's decision that Demenech was no longer disabled. Indeed, Dr. Goldberg's report was the most prominent piece of medical evidence that contradicted the evaluations of Demenech's treating physician (Dr. Moore) and the consultative physician (Dr. Gagliardi) that Demenech's condition had not improved to a point that he could return to work. In fact, the ALJ used Dr. Goldberg's report to discredit both Demenech's own testimony concerning his condition and Dr. Moore's evaluation of his condition. The ALJ wrote that "Dr. Goldberg's report shows the claimant's impairment is not as severe as the claimant testified nor as his doctor's report suggests."

The Secretary contends that any reliance upon Dr. Goldberg's report was inconsequential because there was sufficient evidence, exclusive of his report, to support the conclusion that Demenech had experienced a medical improvement related to his ability to work. The Secretary's own arguments, however, belie this contention. While arguing in his brief that substantial evidence exists to support the ALJ's decision to terminate benefits, the Secretary refers to Dr. Goldberg's report no fewer than eleven times. We therefore conclude that Dr. Goldberg's report was crucial to the ALJ's determination and that the ALJ should have allowed Demenech to depose and cross-examine Dr. Goldberg before rendering a decision.

The Secretary also argues that Demenech's due process rights were not violated because he was afforded the opportunity to

---

**3.** 5 U.S.C. § 556(a) states that cross-examination of a witness "may be required for a full and true disclosure of the facts."

object to Dr. Goldberg's report by way of affidavit. The Secretary contends, therefore, that written objections or the submission of additional evidence was sufficient to ensure a full and fair hearing for Demenech. We do not agree. We hold, consistent with *Cowart*, that where the ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence that supports the claimant's contentions, cross-examination is of extraordinary utility. *See Wallace v. Bowen*, 869 F.2d 187, 192 (3rd Cir.1989). Cross-examination of Dr. Goldberg could reveal the sensitivity and credibility of the tests he employed to arrive at his conclusions; it could expose the evidence he considered or failed to consider, and it could establish the certainty with which he holds his opinion that Demenech is no longer disabled. Given the ALJ's level of reliance upon Dr. Goldberg's report, and the fact that it contradicted all the other medical evidence in the case, the ALJ should have permitted Demenech to cross-examine Dr. Goldberg, and his failure to do so constituted an abuse of discretion.

Accordingly, we VACATE the district court's judgment and REMAND with instructions that the case be returned to the Secretary for further proceedings consistent with this opinion.