Connie M. PATERSON, Plaintiff,

v.

Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.

No. 3–97–CV–90090.

United States District Court, S.D. Iowa, Davenport Division.

Feb. 11, 1998.

Michael DePree, Davenport, IA, for Plaintiff.

155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); *Thompson v. Nix,* 897 F.2d 356 (8th Cir.1990).

1. President Clinton appointed Kenneth S. Apfel to serve as Acting Commissioner of Social Security, effective September, 29, 1997, to succeed

John J. Callahan. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is hereby substituted for John J. Callahan as defendant in this action.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, IA, for Defendant.

MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Plaintiff, Connie M. Patterson, filed a Complaint in this Court on May 28, 1997, seeking review of the Commissioner's decision to deny her claim for disability insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* 1381 *et seq.,* This Court may review a final decision by the Commissioner. 42 U.S.C. § 405(g). For the reasons set out herein, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff, Connie M. Patterson, filed an application for disability benefits on March 15, 1994, claiming an onset of disability date of November 1, 1993. Tr. at 61–67. Her application was denied initially and upon reconsideration. After a hearing (Tr. at 38–80), Administrative Law Judge Thomas M. Donahue (ALJ) issued a decision on October 22, 1996, denying benefits. Tr. at 8–22. On May 8, 1997, the Appeals Council denied Plaintiff's request for review. Tr. at 3–4. Plaintiff filed this Complaint on May 28, 1997.

## STANDARD OF REVIEW

■ We will uphold the Commissioner's determinations if they are supported by substantial evidence on the record as a whole. *Keller v. Shalala,* 26 F.3d 856, 858 (8th Cir.1994). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993). "In assessing the substantiality of the evidence, we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it." *Id.* We cannot overturn the Commissioner's decision merely because of the existence of substantial evidence supporting a different outcome. *Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993).

*Spradling v. Callahan,* 126 F.3d 1072, 1073–74 (8th Cir.1997). In making this inquiry, a court should neither consider a claim de novo nor abdicate it's function to carefully analyze the entire record. *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

## ALJ'S FINDINGS

■ Plaintiff last met the earnings requirement of the Act at the end of June, 1995. Tr. at 21. That is to say, Plaintiff must prove that she became disabled on or before that date. *Grebenick v. Chater,* 121 F.3d 1193, 1196 (8th Cir.1997). The ALJ, following the sequential evaluation found at 20 C.F.R. § 404.1520, found that Plaintiff has not engaged in substantial gainful activity since November 1, 1993. The ALJ found that Plaintiff has severe impairments: Migraine headaches; an affective disorder; and a cervical pain syndrome. The ALJ found that these impairments are not severe enough to meet or equal any of the impairments listed in Appendix 1, Sub-part P, Regulations No. 4. The ALJ found that Plaintiff has the residual functional capacity for light work, reduced by limitations set out in his hypothetical question to the vocational expert at the administrative hearing:

I'd like to ask you a hypothetical question. Age 41; female; eighth grade education; past relevant work as set forth in Exhibit 33; ability to lift up to 20 pounds occasionally, ten pounds frequently; no limitation on sitting eight of an eight hour day; standing up to 30 to 45 minutes at a time with a total between standing and walking of seven of an eight hour day; walking up to two blocks at a time; with the ability to alternate positions at will between standing and sitting; only occasional climbing of ramps and stairs; never climbing ladders, ropes, scaffolds; only occasional bending, stooping, kneeling, crouching, crawling and bending due to migraine headaches, would like to have a low stress job, approximately three on a scale of one to ten with one being the most less stressful and ten being the most stressful; do to problems with concentration, I would limit the job to simple routine tasks; and claimant would need some sort of work where she can alternate her head position and be able to walk; or

at least be on her feet where she can move; (Tr. at 56)

At the fourth step of the sequential evaluation, the ALJ found that Plaintiff's impairments prevent her from performing her past relevant work. Tr. at 21. At the fifth step, the ALJ found that there are other jobs that exist in significant numbers for which Plaintiff has the residual functional capacity (RFC). Tr. at 22.

## DISCUSSION

■ It is well settled law that having found Plaintiff unable to do her past work, the burden of proof was on the Commissioner to prove, with medical evidence, that Plaintiff has a RFC, and that other jobs exist in significant numbers that such a person is able to perform. *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc); *O'Leary v. Schweiker,* 710 F.2d 1334, 1338 (8th Cir.1983); *Soth v. Shalala,* 827 F.Supp. 1415, 1417 (S.D.Iowa 1993); *Davis v. Callahan,* 985 F.Supp. 913 (S.D.Iowa 1997) and cases cited therein. See also *Simpson v. Callahan,* 979 F.Supp. 1264, 1266 (E.D.Mo. 1997).

■ In an effort to meet his burden, the Commissioner sent Plaintiff for two consultative examinations. The first examination was by Stanley Rabinowitz, M.D. (Tr. at 167–71), whose medical specialties include infectious diseases, and internal medicine (Tr. at 178). After his examination, Dr. Rabinowitz wrote:

The patient presents with a significant history of chronic headaches which appear to be multifactorial in type, including cluster headaches, spasmodic headaches, and migraine headaches. The patient takes no therapy at present for this problem. There is a history of previous evaluation in Chicago at the Diamond Headache Clinic for this problem. The patient has also complained of· neck pain with previous trauma to the ribs as noted above. The patient takes no therapy for this problem, but current physical examination did reveal decreased range of motion testing of the cervical spine. There was no evidence of paravertebral muscle spasm, and range of motion testing of the remaining joints was normal without evidence of active joint inflammation. Straight leg raising was negative. The patient is able to ambulate about the examining room without the use or need of an assistive device. Gait and station were normal. Grip strength and digital dexterity were unimpaired. The patient had no difficulty getting on and off the examining table or squatting. Neurological examination did not reveal evidence of nerve root irritation. Appropriate x-ray results are enclosed for your review.

Tr. at 169. Dr. Rabinowitz did not specify any medically necessary restrictions that result from the impairments diagnosed during his examination. Several things stand out in Dr. Rabinowitz's remarks. First of all, although Plaintiff has "a significant history of chronic headaches", she was undergoing no therapy for them. In other words, Plaintiff was not doing anything to alleviate the headaches which would indicate that they were not so severe that work is prevented. Likewise, Plaintiff was undergoing no treatment for her neck pain. In *Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir.1987), the Court wrote: "The Secretary could properly consider claimant's failure to seek professional relief for her pain as inconsistent with her account of its severity." Except for "decreased range of motion testing of the cervical spine", Dr. Rabinowitz's physical examination produced normal or unimpaired results. If this young woman—age 41 (Tr. 56)—were unable to do any kind of work, one would think that some evidence would be produced during a physical examination to indicate the presence of disabling pain. In this case, the signs and symptoms of a disabling condition are conspicuous by their absence.

The Commissioner also sent Plaintiff for a psychiatric evaluation by Steven Chang, M.D. Tr. at 173–74. Dr. Chang's diagnoses were: 1) Major depressive disorder improved; 2) Dysthymic disorder; 3) Severe headache; 4) Chronic cervical pain (neck). Tr. at 174. Although Dr. Chang stated that Plaintiff "would have trouble paying attention to daily routine and not able to keep up routine work when she has this attack of headache & spasmodic pain" (Id.), he did not indicate any limitations that would result

from the dysthymic disorder. Dr. Chung is a psychiatrist. His uncontradicted opinion regarding the psychiatric conditions are entitled to substantial weight. On the other hand, his opinion regarding the effects of Plaintiff's physical complaints must take a back seat to the opinion of Dr. Rabinowitz who is a specialist in internal medicine.

The ALJ pointed to the opinion of Chris L. Hendricks, D.C. who opined: "The only limitation that I would permanently impose is that she carry no more than 15 pounds." Tr. at 151. Although a chiropractor is not an acceptable source of medical information, chiropractic opinion may be used to show how an impairment affects the claimant's ability to work. *Cronkhite v. Sullivan,* 935 F.2d 133, 134 (8th Cir.1991) (citing 20 C.F.R. § 404.1513 (1989)).

The ALJ also pointed to the observation by Janene Misak, P.A.–C. that Plaintiff's headaches were controlled with Extra Strength Tylenol, a non prescription medication. Tr. at 157. In *Benskin v. Bowen,* 830 F.2d at 884, the Court stated: "The measures she undertook to relieve her pain, hot showers and doses of Advil and aspirin, do not indicate that her pain was so severe as to be disabling." The ALJ in the case at bar was entitled to make the same inference.

The Court has also considered evidence in the record which detracts from the ALJ's decision. For example, on June 6, 1995, Plaintiff reported to an emergency room that she was experiencing a migraine headache accompanied with nausea. Tr. at 182–83. The diagnosis was acute migraine headache. Tr. at 183. She said that it was a typical headache, and she was seeking medication, which was provided, for relief. Tr. at 182.

Another piece of evidence which detracts from the ALJ's decision is a report from Nathan Fritz, D.C. which states that Plaintiff experiences pain on a daily basis and that the pain is relieved with medication, ice packs, hot packs and rest. Tr. at 224.

In the opinion of the Court, the ALJ's decision is supported by substantial evidence on the record as a whole. Although the Court may, or may not, have reached the same decision if reviewing the case de novo, that is not the standard of review. When the Court weighs the evidence which supports the ALJ's decision against that which detracts therefrom, the decision is supported by substantial evidence on the record as a whole and is, therefore, affirmed. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). As stated above, the Commissioner's decision cannot be overturned merely because of the existence of substantial evidence supporting a different outcome. Furthermore, the Court of Appeals has stated: "even if we might have weighed the evidence differently, we may not reverse the Secretary's decision when there is enough evidence in the record to support either outcome." *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). In *Bradley v. Bowen,* 660 F.Supp. 276, 279 (W.D.Ark.1987), Chief Circuit Judge Richard S. Arnold, sitting by designation, wrote: "The weighing of conflicting evidence is generally a matter of fact-finding for the ALJ, and will not be disturbed on review if the result is one which ' "a reasonable mind might accept as adequate to support a conclusion." ' (Citations omitted)" The Court holds that a reasonable mind would accept this record evidence and conclude that Plaintiff was not disabled.

### DECISION

It is the holding of the Court that although Plaintiff met her burden of proving that she is unable to perform her past relevant work, the Commissioner came forward with medical evidence which supports a finding that Plaintiff has the RFC to do other work. The Commissioner also produced evidence, in the form of vocational expert testimony, to support the finding that other work exists which Plaintiff can perform in her impaired condition. The Court has reviewed the entire record in detail, considering the evidence which supports, as well as evidence which detracts from, the ALJ's decision. The decision of the ALJ is supported by substantial evidence on the record as a whole and is not affected by errors of law that require reversal or remand. Plaintiff's motion to reverse the Commissioner is denied. The Commis-

sioner's motion to affirm the ALJ's decision is granted.

The Clerk will enter judgment accordingly.