**Melvin LEIK, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 2:02–CV–80–FtM–DNF.**

United States District Court, M.D. Florida, Ft. Myers Division.

March 3, 2003.

Carol Ann Avard, Avard Law Offices, P.A., Cape Coral, FL, Sarah Harriet Bohr, Bohr & Harrington, LLC, Atlantic Beach, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Mary Ann Sloan, Dennis R. Williams, General Counsel's Office, Social Security Administration, Atlanta, GA, Peter S. Krynski, Social Security Administration, Atlanta, GA, for Defendant.

## *ORDER*

FRAZIER, United States Magistrate Judge.

The Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) denying his claim for Social Security disability benefits. For the reasons set out herein, the decision is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties have filed legal memoranda.

## I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review

The law defines disability as the inability to do any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505–404.1511. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

On or about April 14, 1992, Plaintiff filed an application for disability insurance benefits (DIB), asserting a disability onset date of November 15, 1990. (Tr. 177–80). His application was denied initially, on reconsideration, and, after a hearing, by a December 7, 1993, decision by ALJ John M. Hammerly. (Tr. 186–87, 189, 353–59). The Appeals Council denied review and Plaintiff did not appeal to the U.S. District Court. (Tr. 363–64, Doc. 27 at 2).

Plaintiff filed a new application for DIB on or about April 14, 1995, alleging disability since May 3, 1994.[1] (Tr. 365–68). Plaintiff's application was denied initially and upon reconsideration, and a timely request for hearing was filed. (Tr. 57, 391–93, 396–98). A hearing was held on May 23, 1996, by ALJ H. Allen Wagner, who issued an unfavorable decision on January 21, 1997. (Tr. 516–26, 688–752). In response to Plaintiff's Request for Review, the Appeals Council remanded the case to the ALJ with instructions.[2] (Tr. 531–32, 583–86).

On remand, the ALJ held a supplemental hearing on September 29, 1998, at which he heard the testimony of Plaintiff, a vocational expert (VE), and Richard Gardner, M.D., as a medical expert (ME). (Tr. 58–174). Subsequent to the hearing, the ALJ sent interrogatories to orthopedic surgeon Harold Broder, M.D., and internist Solomon J. Rosenberg, M.D., regarding whether Plaintiff's back or heart conditions met or equaled one of the listings.[3] (Tr. 631–44). Upon his receipt thereof, the ALJ forwarded the physicians' responses to Plaintiff's attorney for his review and submission in writing of any objections. (Tr. 646). On December 29, 1998, Plaintiff filed his objections to the interrogatories and requested a supplemental hearing, "at

---

1. Plaintiff's application contained a statement that he had been disabled since November 15, 1990, but that the listed onset date was the day after his May 2, 1994, unfavorable Appeals Council determination. (Tr. 367). He subsequently alleged the November 15, 1990, onset date was correct and requested reopening of the prior application. (Tr. 61–65).

2. The ALJ was instructed to further evaluate Plaintiff's subjective complaints; give further consideration to Plaintiff's RFC, evaluating the treating, examining and nonexamining source opinions pursuant to law and obtaining clarification of the opinions and medical source statements as necessary; and if warranted, to obtain supplemental evidence from a vocational expert. The Appeals Council also noted that the ALJ's decision did not rule on the entire period at issue, in that the prior final and binding hearing decision was issued on December 7, 1993, and that the ALJ had not considered Plaintiff's request for reopening. (Tr. 585).

3. The ALJ decision states that before sending the interrogatories to the physicians, that they were sent to the claimant's attorney to give him the opportunity to add his own questions to the list of proposed interrogatories, (Tr. 27, 28); the record does not, however, reflect that the interrogatories were first sent to the attorney.

which the attendance of these consultants will be subpoenaed and the claimant be afforded the opportunity to cross examine both consultants." (Tr. 645). This request was denied within the ALJ's final decision on the grounds that "this case has been more than thoroughly developed and there is no need for further delay in deciding this case." (Tr. 36).

On May 27, 1999, the ALJ issued a decision denying Plaintiff's claim for benefits. (Tr. 15–42). As a preliminary finding, the ALJ determined that Plaintiff met the disability insured status requirements of the Act on November 15, 1990, the date he stated he became unable to work, and continued to meet them through September 30, 1996. (Tr. 39). At Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 15, 1990. (Tr. 39). At Step 2, the ALJ found that, through September 30, 1996, Plaintiff had severe degenerative disc disease of the lumbar spine; ischemic heart disease status post coronary artery bypass grafting times two in 1990; mild or borderline spinal stenosis at L4–5 due to recurrent disc herniation and scar tissue from previous surgery causing obliteration of the neural foramen on both sides; mild bulging annulus at L3–4 and facet joint arthropathy with minimal bilateral neural stenosis; and status post two laminectomies. (Tr. 40). Relying upon the post-hearing interrogatory responses, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 29, 40).

The ALJ determined that through September 30, 1996, Plaintiff retained the residual functional capacity (RFC) to perform the physical exertion and nonex-ertional requirements of work except for lifting/carrying over 20 pounds at a time and ten pounds frequently; he could not sit, stand or walk for longer than an hour at a time; he could not reach overhead; and he required a sit/stand option where he could change positions at will. (Tr. 40). Based upon this RFC, the ALJ found at Step 4 that Plaintiff was unable to perform his past relevant work as a truck driver. (Tr. 40). However, within the framework of the Medical–Vocational Guidelines ("the grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and based upon VE testimony, the ALJ determined that there were a significant number of jobs in the national economy which Plaintiff could have performed during the relevant time. (Tr. 41). Accordingly, the ALJ determined that Plaintiff was not disabled under the Act through his September 30, 1996, date last insured. (Tr. 41, 42). Plaintiff sought review by the Appeals Council, which denied review on January 23, 2002. (Tr. 5–6). Plaintiff timely sought review of this decision by the United States District Court on February 28, 2002. (Doc. 1). The parties agree that the case is ripe for review.

■ The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reason-

able person would accept as adequate to support the conclusion. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir.1995), *citing Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982) and *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420.

■■■ Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan,* 937 F.2d 580, 584 n. 3 (11th Cir.1991); *Barnes v. Sullivan,* 932 F.2d 1356, 1358 (11th Cir.1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord, Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir.1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Review of Facts and Conclusions of Law

### A. Background Facts:

Plaintiff was born on August 31, 1947, and was 49 years old on his date last insured. (Tr. 109, 365). He had a ninth grade education and past work as a truck driver. (Tr. 72, 150, 201, 204).

Plaintiff alleged disability due to low back and leg pain, and chest pain with fatigue. (Tr. 400, 725–26). He reported these conditions limited his ability to work due to pain limiting his ability to stand, walk, sit or lift, and interference with his sleep and concentration. (Tr. 400, 726).

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff underwent lumbar laminectomy and diskectomy at L4–L5 in June 1997 and February 1989, and a double cardiac bypass in January 1990. (Tr. 217, 220, 468). Subsequent medical records reveal continued low back pain radiating into the left lower extremity with a recurrent disc herniation and chest pain with positive findings on stress testing. (*E.g.,* Tr. 231, 236, 238, 321–22, 332–38, 349–50, 481, 486–87, 498, 612–13). Plaintiff's family physician, Todd Chace, D.O., completed medical source statements placing Plaintiff at less than a full range of sedentary work and indicating that he met listings 1.05(c) and 4.04. (Tr. 508–12, 614–30). Plaintiff's cardiologist, C.G. Shanmugam, M.D., completed a questionnaire reporting that Plaintiff met listing 4.03. (Tr. 488–97).

### B. Specific Issues

Plaintiff asserts three issues. As stated by Plaintiff, they are as follows: (1) the Commissioner deprived Mr. Leik due process of law by denying his request for a supplemental hearing to cross-examine the two non-examining medical experts who responded to the ALJ's post-hearing interrogatories; (2) the Commissioner erred as a matter of law in failing to obtain the opinion of a cardiologist regarding whether Mr. Leik's cardiac impairment meets or equals a listed impairment; and (3) the Commissioner erred as a matter of law in failing to provide good cause for his rejection of Dr. Chace's functional assessment. Because the Court finds remand is required based on Plaintiff's first issue, only that issue will be discussed in detail.

Plaintiff contends that the ALJ's denial of a supplemental hearing with cross-examination of the medical experts violated his due process rights because the experts' responses to the interrogatories contra-

dicted treating physicians' opinions and the ALJ relied upon their responses. Plaintiff further claims that (1) the ALJ failed to transmit the interrogatories to his attorney prior to submission to the physicians, as the ALJ was required to do pursuant to The Hearing, Appeals and Litigation Law Manual (HALLEX) I–2–542; (2) the ALJ failed to notify Plaintiff of his right to request a supplemental hearing with the opportunity to question the ME (medical expert) pursuant to HALLEX I–2–544; and (3) the ALJ was required to grant the request for a supplemental hearing pursuant to HALLEX I–2–544, unless he received additional documentary evidence that supported a fully favorable decision.

The Supreme Court, in considering the hearing and review procedures under the Social Security Act, determined that procedural due process was applicable to the adjudicative administrative proceeding. In doing so, the Court equated the Social Security Act procedures with those of the Administrative Procedure Act, which expressly entitles a party, *inter alia*, "to conduct such cross-examination as may be required for a full and true disclosure of the facts." *Richardson*, 402 U.S. at 401, 409, 91 S.Ct. 1420 (quoting 5 U.S.C. § 556(d)). The Eleventh Circuit has held that a claimant's right to procedural due process is violated where his claim to Social Security benefits is denied based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of those reports. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884–85 (11th Cir.1990). Where the ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence that supports the claimant's contentions, cross-examination

is of extraordinary utility. *Id.*, citing *Wallace v. Bowen*, 869 F.2d 187, 192 (3d Cir. 1989). Written comment in response to post-hearing medical opinions is insufficient, as effective cross-examination could reveal what evidence the physician considered or failed to consider in formulating his conclusions, how firmly the physician holds to those conclusions, and whether there are any qualifications to the physician's conclusions. *See Wallace*, 869 F.2d at 192; *see also Demenech*, 913 F.2d at 885 ("Cross-examination of Dr. Goldberg could reveal the sensitivity and credibility of the tests he employed to arrive at his conclusions; it could expose the evidence he considered or failed to consider, and it could establish the certainty with which he holds his opinion that Demenech is no longer disabled").

■ Here, the ALJ sent interrogatories post-hearing to two physicians, who concluded that Plaintiff's conditions did not meet or equal a listing, conclusions that contradicted those of Plaintiff's treating physicians. Despite the ALJ's failure to notify Plaintiff of his right to cross-examine the physicians regarding their opinions, Plaintiff requested the opportunity to do so at a supplemental hearing. The ALJ denied this request and proceeded to rely upon the opinions of the medical experts to determine that Plaintiff did not meet or equal a listing and to assess Plaintiff's RFC. (*See* Tr. 27–28, 34). Application of Eleventh Circuit law clearly demonstrates that Plaintiff was entitled to cross-examine Dr. Broder and Dr. Rosenberg. Given the ALJ's level of reliance upon these reports and the fact that Plaintiff's treating physicians offered conflicting opinions, the ALJ should have permitted Plaintiff to cross-examine Dr. Broder and Dr. Rosenberg. The ALJ's failure to allow such cross-

examination was an abuse of the ALJ's discretion.[4] *See Demenech*, 913 F.2d at 885; *see also Wallace*, 869 F.2d at 194.

In light of the Court's ruling on Plaintiff's first issue, it is not necessary to address his other two issues in full. However, with regard to Plaintiff's claim that the ALJ should have sought the opinion of a cardiologist, the Court notes the preference found in the regulations for the opinions of specialists. *See* 20 C.F.R. § 404.1527(d)(5). Moreover, in this particular case, the ALJ specifically stated the need for a cardiologist's opinion and that only a cardiologist could convince him that Plaintiff met or equaled a cardiac listing. (*See* Tr. 85, 90, 97–98, 143). In these circumstances, the Commissioner is recommended to obtain the opinion of a cardiologist.

Lastly, it is apparent that the supplemental hearing and evidence adduced at such hearing may affect the ALJ's evaluation of the treating physician's functional assessment. Accordingly, upon remand and in light of information obtained at the supplemental hearing, the ALJ is directed to reevaluate Dr. Chace's opinion regarding Plaintiff's functional capabilities.

## III. CONCLUSION

For the foregoing reasons, the ALJ's decision is inconsistent with the requirements of law and not supported by substantial evidence. Accordingly, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

---

4. The Commissioner's contention that cross-examination was not required because Dr. Broder and Dr. Rosenberg were merely expressing opinions on evidence already of record is without merit. Furthermore, the Commissioner cites no authority for her claim that the failure to permit cross-examination was somehow cured by the ALJ's submission of the interrogatories to Plaintiff's counsel prior to forwarding them to the physicians. Aside from the fact that Plaintiff contests having had such a preview of the interrogatories, the Court notes that Office of Hearings and Appeals procedures require the ALJ to submit interrogatories to the representative for review prior to forwarding them to a medical expert and again, subsequent to the expert's opinion, with a notice of the right to a supplemental hearing and cross-examination of the expert. *See* HALLEX I–2–542, I–2–730(B). It is incomprehensible why the Commissioner should assert that compliance with the first requirement should excuse compliance with the second, particularly in circumstances where the Plaintiff asserted his right, the ALJ substantially relied upon the evidence obtained by interrogatory, and there is caselaw squarely on point contradicting the Commissioner's position.