[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14933
Non-Argument Calendar

_____

D. C. Docket No. 06-20707-CV-RLD

AMBROSIO TAGLE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
Michael J. Astrue,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2008)

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ambrosio Tagle appeals the district court's order affirming the

Commissioner's denial of his application for a period of disability, disability insurance benefits, and supplemental security income. See 42 U.S.C. §§ 405(g), 1383(c)(3). Tagle contends that the Administrative Law Judge erred by: (1) summarizing instead of reading into the record at Tagle's supplemental hearing earlier testimony by Dr. Javier Barquet, a nonexamining medical expert; (2) failing to grant Tagle a subpoena for Dr. Morton Corin, a consultative physician whose report the ALJ relied upon in finding that Tagle's impairment did not meet the listing; and (3) admitting a comment by the vocational expert after Tagle's initial hearing that Tagle "reeked of alcohol."[1]

We review factfindings of the Commissioner with deference and legal conclusions de novo. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). The decision of the ALJ is reviewed as the Commissioner's final decision when, as here, the ALJ denies benefits and the Appeals Council denies review. Id. We do not reweigh evidence or substitute our judgment for that of the Commissioner, but instead review the entire record to determine if the decision reached is reasonable

---

[1] Tagle also contends that the ALJ erred by failing to further investigate at Tagle's initial hearing the opinion of Dr. Barquet that Tagle met Listing 5.05(A), the listing for peripheral neuropathy. According to Tagle, if further investigation had been done, Dr. Barquet may have presented evidence that Tagle met another listing. However, because Tagle did not request clarification of Dr. Barquet's opinion before the ALJ and did not raise this argument before the district court, we will not consider it on appeal. See Kelly v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999) (noting that this Court generally will not consider an argument that a claimant did not raise before the administrative agency or the district court).

and supported by substantial evidence.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Doughty, 245 F.3d at 1278.

Tagle first contends that the ALJ erred by summarizing at his supplemental hearing the prior testimony of Dr. Barquet instead of reading the expert's testimony into the record.  According to Tagle, the ALJ misconstrued Dr. Barquet's testimony and omitted details of his opinion that might have swayed Dr. Bernard Gran, a subsequent nonexamining expert who testified at the supplemental hearing.  Specifically, Tagle argues that the ALJ mischaracterized Dr. Barquet's testimony by stating that peripheral neuropathy was the "main issue."

All evidence from a nonexamining medical expert is considered opinion evidence.  20 C.F.R. § 404.1527(f).  In formulating an opinion, nonexamining medical experts must consider the evidence in the "case record" and make findings of fact about whether the claimant meets a listing.  20 C.F.R. § 404.1527(f)(1).  The factfindings must be based on the case record, but "are not themselves evidence."  Id.

Contrary to Tagle's contention, the ALJ did not mischaracterize Dr. Barquet's testimony.  Dr. Barquet expressly agreed in his testimony that

3

neuropathy was the "main thing." In addition, under the regulations relevant to Tagle's claims, Dr. Barquet's finding that Tagle met Listing 505(A), the listing for peripheral neuropathy, was not itself evidence. See id. Because Dr. Gran, another nonexamining medical expert, was required to base his opinion on "evidence in [the] case record," see id., Dr. Barquet's finding that Tagle met the listing for peripheral neuropathy was not relevant to Dr. Gran's testimony. The district court did not err by summarizing Dr. Barquet's testimony.

Tagle next contends that the ALJ erred by failing to subpoena Dr. Corin, a consultative physician whose report the ALJ relied on in finding that Tagle's impairment did not meet the listing for peripheral neuropathy. According to Tagle, the cross-examination of Dr. Gran was not an adequate substitute for the testimony of Dr. Corin. He argues that with proper cross-examination of Dr. Corin, he could have challenged the factfindings and shown the limitations of Dr. Corin's medical report. Moreover, Tagle argues that if he had been able to do so, Dr. Gran may have concluded that Tagle met the listing for peripheral neuropathy.

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976). Where an ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence

4

supporting a claimant's contentions, it violates a claimant's right to due process for the Commissioner to deny disability benefits without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports. See Demenech v. Sec'y of the Dep't of Health and Human Servs., 913 F.2d 882, 885 (11th Cir. 1990).

Dr. Corin's medical report was prepared before the supplemental hearing, and therefore before the testimony of Dr. Gran. At the supplemental hearing, Tagle received an adequate opportunity to cross-examine Dr. Gran about the inconsistencies in the medical reports prepared by the experts consulted in his case, the procedures used by Dr. Corin, and the weight that should be given to each report. In addition, the ALJ did not substantially rely upon Dr. Corin's report in finding that Tagle did not meet the listing for peripheral neuropathy. The ALJ instead gave "the most weight to the opinion of Dr. Gran" and noted that Dr. Corin had made a similar assessment. Accordingly, the ALJ did not err in denying Tagle's motion to subpoena Dr. Corin to the supplemental hearing. See Demenech, 913 F.2d at 885.

Finally, Tagle contends that the ALJ erred in admitting a comment by the vocational expert after the initial hearing that Tagle "reeked of alcohol." He argues that the comment was "unsworn" and "unfairly prejudicial." According to Tagle,

5

the ALJ improperly relied on the comment to discredit his testimony.

"[C]redibility determinations are the province of the ALJ." Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). While the ALJ is required to articulate explicit and adequate reasons for questioning an applicant's credibility, the ALJ need not "specifically refer to every piece of evidence in his decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Evidence is anything submitted or obtained by the Commissioner that relates to the claim. 20 C.F.R. § 404.1512(b). It includes: (1) statements by the claimant or others about the claimant's impairment, restrictions, daily activities, and work efforts; and (2) "any other relevant statements" by the claimant to "medical sources during the course of examination or treatment" or to the Commissioner "during interviews, on applications, in letters, and in testimony in [its] administrative proceedings." 20 C.F.R. § 404.1512(b)(3).

The vocational expert's comment that Tagle "reeked of alcohol" was evidence within the meaning of the regulations because it was a statement by another about Tagle's daily activities that directly contradicted his testimony at the initial hearing that he had stopped drinking. See 20 C.F.R. § 404.1512(b)(3). Contrary to Tagle's contention, the regulations do not prohibit unsworn out-of-court statements relevant to a claim of disability. See, e.g., Richardson v. Perales,

402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (permitting admission of unsworn medical reports in spite of their hearsay character and the absence of cross-examination).  Accordingly, the ALJ did not err by admitting the vocational expert's comment.

**AFFIRMED.**