**Elmer HUDSON, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–7098.

United States Court of Appeals, Eleventh Circuit.

March 19, 1985.

---

Richard J. Ebbinghouse, Legal Services Corp. of Alabama, Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and THORNBERRY *, Senior Circuit Judge.

PER CURIAM:

The Secretary denied disability insurance and SSI benefits to a 44 year-old woman who is obese and suffers from chronic low back pain, chronic intermittent hypertension, a mild to moderate dysthymic disorder, and a histrionic personality disorder. The district court found substantial evidence to support the Secretary's decision and affirmed. Because the Secretary failed to follow her own regulations, we vacate and remand for further consideration under proper legal standards.

FACTS

Appellant Elmer Hudson completed the ninth grade and has been employed as a janitor and a domestic worker. She last worked in May 1981. Appellant filed for disability benefits in September 1981.

The medical evidence shows that Hudson was examined by Dr. Featheringill, an orthopedic specialist, in October 1981. He noted obesity and some limitation in appellant's movement but could not determine the etiology for her back pain. Appellant was subsequently examined by Dr. Mosley who made a diagnosis similar to that of Dr. Featheringill. He found some tenderness in Hudson's lower back but no apparent limitation in her movement and no obvious etiology for her pain, although he believed that appellant's complaints were sincere. Dr. Mosley also found that Hudson suffered from chronic intermittent hypertension. In addition the doctor completed a physical capacities evaluation questionnaire and concluded that appellant had some mild restrictions on her physical capabilities.

Appellant's application for benefits was denied initially and on reconsideration. She requested and received a hearing before an administrative law judge, where she was represented by a paralegal provided by the Legal Services Corporation of Alabama. At the hearing appellant testified that she suffered from back pain, depression, and nervousness. She cried throughout the hearing. Dr. Stewart, a vocational expert, also testified. He stated that, based upon Dr. Mosley's evaluation, appellant could perform domestic work. He also testified, however, that appellant would not be employable if her continuous crying had a medical basis.

The ALJ ordered a post-hearing psychiatric examination by Dr. Anderson. The ALJ notified appellant's representative of the examination and invited a response to Dr. Anderson's report. Appellant's representative chose instead to have her undergo an additional examination by a psychologist, Dr. Meyers. His report was submitted to the ALJ.

Dr. Anderson noted that appellant's weeping was appropriate to the context of their conversations. He found her intelligence to be low average and her mood mildly to moderately depressed. Dr. Anderson diagnosed appellant as suffering from a mild to moderate dysthymic disorder and a histrionic personality disorder. He found no evidence of neurological impairment. The doctor also noted appellant's complaints of pain. He concluded that her psychiatric condition would not significantly interfere with her ability to work. He did not, however, consider the possible effect of an interaction between appellant's pain and psychiatric condition.

Dr. Meyers found that Hudson was moderately to severely depressed. He observed that appellant suffered from insomnia, fatigue, psychomotor retardation, tearfulness, and anxiety. He concluded that her psychological problems, mild physical disabilities, and pain combined to render her unemployable absent exhaustive rehabilitative efforts.

After the submission of these two post-hearing evaluations, the ALJ rendered her decision and found that appellant was not disabled because she could perform work

* Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

similar to that which she had done in the past.

## DISCUSSION

■ Several of appellant's contentions are without merit. The evidence submitted by appellant's treating physician, Dr. Scarborough, received all the consideration it was due. Dr. Scarborough saw appellant twice and submitted only sketchy, conclusory notes. The opinion of a "treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or when it is unsubstantiated by any clinical or laboratory findings." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1240 (11th Cir. 1983).

■ The ALJ's finding that appellant's pain was not disabling was not based on an improper use of objective evidence. The ALJ did not ignore appellant's subjective complaints of pain; she simply found them not credible to prove disabling pain. This credibility determination was for the Secretary, not the courts. *Bloodsworth v. Heckler, supra.* Moreover, the ALJ did not require objective proof that appellant was in pain. She instead properly inquired whether there was an underlying impairment or a cause of the pain that was medically determinable. *See Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982).

■ Finally, the failure of appellant's representative to cross-examine Dr. Anderson did not render appellant's hearing "fundamentally unfair." Due process is violated when a claimant is denied the opportunity to subpoena and cross-examine those who submit medical reports. *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Cowart v. Schweiker,* 662 F.2d 731 (11th Cir.1981); *Lonzollo v. Weinberger,* 534 F.2d 712 (7th Cir.1976). Appellant had the opportunity to cross-examine Dr. Anderson but chose to waive her right.

■ Appellant insists that there was no waiver of the right to cross-examine because the ALJ did not tell appellant's representative—a paralegal—that her client had such a right. Moreover, appellant argues, the ALJ may have unintentionally misled the paralegal when she wrote her informing her that she could respond to Dr. Anderson's psychiatric evaluation. Since cross-examining the doctor was not included among the suggested methods of response, appellant's representative might have assumed that cross-examination was not an available option. Under these circumstances, concludes appellant, the court should not find that the right to cross-examine Dr. Anderson was waived.

The cases cited by appellant as support for her position that the ALJ had a duty to instruct appellant's representative as to her right to cross-examine are inapposite here. They involve situations where claimants had no legal representation. The courts consistently recognize their special responsibility toward these claimants. *See, e.g., Cowart v. Schweiker, supra* (ALJ's basic obligation to develop full and fair record rises to level of "special duty" when unrepresented claimant unfamiliar with hearing procedures appears before him). Furthermore, cases relied upon for appellant's suggestion that a letter not expressly listing cross-examination as a method of responding to a post-hearing evaluation indicates no waiver also involve unrepresented claimants. *See, e.g., Lonzollo v. Weinberger, supra.* Again these decisions reflect the court's awareness that the failure to exercise a right does not necessarily imply a knowing waiver when the actor is an individual who probably does not suspect that he possesses such a right. *Cf. Richardson v. Perales, supra* (Court found waiver where claimant represented by attorney simply did not avail himself of opportunity to cross-examine).

While a paralegal may not possess all the legal expertise of an attorney,[1] we are un-

---

1. We do not hold that we recognize no differences in skill and expertise between a paralegal and an attorney. We simply find that those differences do not justify a "special duty," not owed attorneys, to inform appellant's paralegal

prepared in this case to treat a paralegal like unrepresented and often unsophisticated claimants completely unfamiliar with the law or with agency practice. Paralegals by definition have some legal training and experience. Those employed by organizations that represent the indigent and that provide representation for claimants before agencies acquire some knowledge of administrative practice.

We find, therefore, that the ALJ had no duty to inform appellant's paralegal representative of her client's right to cross-examine Dr. Anderson. The representative's failure to cross-examine constituted a waiver of the right, and thus no due process violation occurred.

■ Appellant does correctly contend, however, that the Secretary did not follow her own regulations. In making her disability determination the ALJ found that appellant had the following impairments: obesity, chronic low back pain (no etiology established), chronic intermittent hypertension, a mild to moderate dysthymic disorder, and a histrionic personality disorder. The ALJ decided that separately none of these impairments was so severe as to render appellant disabled. The ALJ, however, did not consider whether the combination of appellant's impairments rendered her disabled. Where a "claimant has alleged a multitude of impairments, a claim ... may lie even though none of the impairments, considered individually, is disabling." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984). The ALJ, therefore, has a duty to consider the impairments in combination. *See* 20 C.F.R. § 404.1522 (1984).[2] Failure to do so requires that the case be vacated and remanded for the proper consideration.[3] *See, e.g., Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984); *Wiggins v. Schweiker, supra; Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980).

The decision rendered by the ALJ also does not make clear the weight accorded the evidence considered. The ALJ, for example, does not explain why she obviously

---

representative in this case of the right to cross-examine.

2. Appellee contends that the ALJ must consider the impairments in combination only when each impairment individually is severe. Section 404.1522 is ambiguous:

> [W]e can combine unrelated impairments to see if together they are severe enough to keep you from doing substantial gainful activity. We will consider the combined effects of unrelated impairments only if all are severe and expected to last 12 months.

The first sentence indicates that non-severe impairments will be combined to determine whether together they render an individual disabled. The following sentence contains ambiguous language. If the word "all" refers to "unrelated impairments" then the sentence may support appellee's contention that each impairment individually must be severe, but this would conflict with the preceding sentence. If "all" is interpreted as modifying "combined effects," there is no conflict since the sentence simply states that an ALJ will consider combined effects in his disability determination only if those effects are severe.

This court has implicitly adopted the latter construction and has consistently required that impairments be considered in combination even when the impairments considered separately are not severe. *See Bowen, supra; Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984); *Brenem v.*

*Harris*, 621 F.2d 688 (5th Cir.1980); *Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980). We continue to do so.

3. Contrary to appellant's position, remand is not warranted under Section Five of the Reform Act which places a moratorium on mental health reviews. The relevant part provides that:

> (c)(1) Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made or held under title II or XVI of the Social Security Act after the date of the enactment of this Act and prior to the date on which revised criteria are established by regulation in accordance with subsection (a), and any determination that an individual is not under a disability by reason of a mental impairment made under or in accordance with title II or XVI of such Act in a reconsideration of, hearing on, review by the Appeals Council of, or judicial review of a decision rendered in any continuing eligibility review to which subsection (bv)(1) applies, shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.

Appellant's initial determination and reconsideration occurred prior to October, 1984, the date of the enactment of the Act.

discounts Dr. Meyers's evaluation, and in particular, why she omits from her decision any mention of his consideration of appellant's impairments in combination. The decision only states that the ALJ has "carefully considered all the testimony given at the hearing and the documents described in the List of Exhibits...." As we have noted before:

[t]his statement tells us nothing whatsoever—it goes without saying that the ALJ gave the testimony the weight he believed should be accorded to it. What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.

*Cowart v. Schweiker,* 662 F.2d at 735; *see also Wiggins v. Schweiker, supra.* On reconsideration the ALJ should articulate the reasons for her decision with the requisite specificity.

VACATED and REMANDED with instructions to remand to the Secretary.