805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Florence BLANKENSHIP, Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.
 No. 85-1562.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 8, 1986.
Decided Nov. 18, 1986.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Maurice G. Taylor, Jr., United States Magistrate. (C/A 83-3321).
 William J. Davis, on brief), for appellant.
 Beverly Dennis, III, Regional Attorney, Office of the General Counsel, Department of Health and Human Services; Charlotte Hardnett, Supervisory Assistant, Regional Attorney; Deborah Fitzgerald, Assistant Regional Attorney; David A. Faber, U.S. Attorney; Gary E. Pullin, Assistant U.S. Attorney, on brief, for appellee.
 S.D.W.Va.
 AFFIRMED
 Before RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Florence Blankenship appeals from the decision of the United States magistrate[1] affirming the Secretary of Health and Human Services' denial of Blankenship's application for widow's disability insurance benefits. We affirm.
 
 I.
 
 2
 Blankenship filed her claim in February 1982, alleging that she became disabled in June 1981. After her claim was denied initially and again upon reconsideration, it was referred for a hearing before an administrative law judge. At the hearing, Blankenship alleged disability as a consequence of heart, lung, kidney, and thyroid problems, as well as varicose veins and an arthritic shoulder. The ALJ found that Blankenship's impairments were not of sufficient severity to entitle her to an award of widow's disability benefits. The Appeals Council denied Blankenship's request for review, and she initiated this action in the district court contending that she had adequately demonstrated the existence of both physical and mental impairments. Finding substantial evidence to support the Secretary's conclusion that Blankenship is not entitled to benefits, we affirm.
 
 
 3
 In order to qualify for widow's disability benefits, Blankenship had the burden of establishing that "her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. Sec. 423(d)(2)(B). Under the Secretary's regulations, a widow is considered disabled only if she produces specific clinical findings that meet or are equivalent to those for any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. Sec. 404.1578(a) (1986).
 
 
 4
 While the medical findings establish that Blankenship suffers from a number of impairments, none of them considered individually, or in combined effect, meet or equal the threshold impairment criteria listed in Subpart P, Appendix 1. The record contains no evidence of a single clinical finding by an examining physician that rises to the level of severity required in any one of the impairment listings. The reports of the examining physicians were submitted to consulting physicians in the state agency for equivalency analysis. The state physicians concluded that Blankenship's ailments do not meet or equal the special requirements for disabled widow's benefits. See 20 C.F.R. Sec. 404.1526 (1986); Social Security Ruling 83-19. All of this constitutes substantial evidence in support of the Secretary's decision.
 
 II.
 
 5
 Blankenship further argues that since her medical reports suggest the presence of a mental impairment, her claim falls within the "automatic remand" provision of Section 5(c)(1)[2] of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, Sec. 5(c)(1) (1984). We disagree.
 
 
 6
 By order dated June 1, 1983, the Appeals Council declined review of the ALJ's decision in this case. Accordingly the June 1, 1983 order became the final decision of the Secretary. Section 5(c)(1) of the Reform Act is, by its terms, inapplicable to any claim in which the initial determination, reconsideration, or hearing on the initial determination denying benefits was made prior to October 9, 1984 (the date of enactment of the Reform Act). See Conley v. Bowen, 781 F.2d 143, 147 (8th Cir.1986); Hudson v. Heckler, 755 F.2d 781, 785 n. 3 (11th Cir.1985). Therefore, the "automatic remand" of Section 5(c)(1) does not apply.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 By mutual consent of the parties, the case was referred to a United States magistrate for all proceedings and appeal was taken directly to this court. 28 U.S.C. Sec. 636(c)
 
 
 [2]
 Section 5(c)(1) of the Reform Act provides in relevant part:
 Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination made ... after the date of this Act and prior to the date on which revised criteria are established by regulation ... shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.
 emphasi added).