[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11320
Non-Argument Calendar

_____

D. C. Docket No. 06-00008-CV-5

TINA MUSIC GORDON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 4, 2007)**

Before BLACK, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Tina Music Gordon appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of her application for supplemental security income, 42 U.S.C. § 1383(c)(3). Gordon argues that the ALJ erred in not reviewing her physical and mental impairments in combination, and therefore his findings are not supported by substantial evidence. Specifically, she asserts that the ALJ did not correctly articulate his findings regarding why he discredited the opinions of Dr. Eaton and another psychologist. Gordon also argues that the ALJ erred by failing to ask a complete hypothetical question of the vocational expert ("VE") that encompassed all of the "uncontradicted limitations" on her ability to perform work. She further contends that her due process rights were violated because her counsel was denied the opportunity to pose her desired hypothetical to the VE.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).

The ALJ uses a five-step evaluation process to determine whether a claimant is disabled: (1) the disability examiner determines whether the claimant is engaged

in "substantial gainful activity;" (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," i.e., whether it significantly limits claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments, thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing of Impairments, the examiner assesses a claimant's residual functional capacity ("RFC"), which measures whether a claimant can perform past relevant work despite the impairment; and (5) if the claimant is unable to do past relevant work, the examiner determines whether in light of RFC, age, education, and work experience, the claimant can perform other work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

## I.     Reviewing Physical and Mental Impairments in Combination

We have stated that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . ." so long as the decision is sufficient to allow this Court to conclude that the ALJ considered the claimant's medical condition as a whole. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Where a claimant has alleged several impairments, the ALJ has a duty to consider

the impairments in combination and to determine whether the combined impairments render the claimant disabled. Jones v. HHS, 941 F.2d 1529, 1533 (11th Cir. 1991).

The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, how supported an opinion is, whether an opinion is consistent with the record, and a doctor's specialization. See 20 C.F.R. §§ 404.1527(d)(1)-(6); 416.927(d)(2-6). The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). The ALJ must state with particularity the weight given the different medical opinions and the reasons therefore, and failure to do so is reversible error. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Here, the ALJ considered the totality and severity of Gordon's physical and psychological limitations by taking into account all symptoms, medical opinions, and Gordon's own subjective allegations, which he found to be only partially credible. Moreover, the ALJ properly noted the evidence on which his conclusion was based and stated that he gave great weight to the findings and opinions reflected in Dr. Eaton's evaluation, which "provided objective proof and a diagnosis of severe dissimilation on the part of the claimant." The ALJ concluded

that the opinion of Dr. Petzelt regarding the four areas of functioning–activities of daily living, social functioning, concentration, and repeated episodes of decompensation–was "consistent with the totality of the evidence in this case," and was therefore afforded great evidentiary weight as well.

## II.    Hypothetical Question Posed to Vocational Expert

In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Vega v. Comm. of Social Security, 265 F.3d 1214, 1220 (11th Cir. 2001). Importantly, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. Crawford v. Comm. of Social Security, 363 F.3d. 1155, 1161 (11th Cir. 2004). Thus, the hypothetical need only include limitations supported by the record. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). Regardless of whether a claimant is represented by counsel, the ALJ "has a duty to develop a full and fair record." Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). We

previously held that it violates a claimant's right to procedural due process for the Secretary to deny a claimant benefits based upon post-hearing medical reports without giving the claimant an opportunity to subpoena and cross-examine the authors of such reports. Hudson v. Heckler, 755 F.2d 781, 784 (11th Cir.1985). However, we have indicated that "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Brown, 44 F.3d at 935.

The hypothetical questions posed to the vocational expert by the ALJ were consistent with the medical evidence and other evidence on the record that the ALJ found to be credible. The hypothetical was a comprehensive summary of the combination of Gordon's physical and mental impairments. Moreover, although the ALJ restricted the phrasing of Gordon's hypothetical question on cross-examination of the vocational expert so that the raw medical data would be expressed in terms of a mental residual functioning capacity, her due process rights were not violated because she still had a meaningful opportunity for cross-examination.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no error. Because ALJ properly considered Gordon's

6

combination of impairments and Drs. Eaton and Petzelt's medical opinions, and the ALJ posed a complete and accurate hypothetical to the vocational expert without depriving Gordon of her due process rights, we affirm.

**AFFIRMED.**