[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16020
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00434-CV-CAR-5

BRIDGET M. SHAW,

                                                          Plaintiff-Appellant,

                              versus

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 12, 2010)

Before EDMONDSON, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Bridget M. Shaw appeals the district court's order affirming Michael Astrue's ("the Commissioner") denial of her application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits, 42 U.S.C. § 1383(c)(3). On appeal, she argues that the Administrative Law Judge ("ALJ") did not apply the correct legal standard when he rejected the opinion of an examining, non-treating physician, Dr. Muller, because the ALJ did not give reasons for according his finding on limitations less weight. Second, she contends that the ALJ erred by rejecting the opinions of Dr. Naqvi, her treating physician, without giving adequate reasons. Finally, she contends that the ALJ should have recontacted Dr. Naqvi if he found that there was not enough information about Shaw's work-related abilities. Upon review of the record, and consideration of the parties' briefs, we affirm.

## I.

"In Social Security appeals, we review *de novo* the legal principles upon which the [ALJ's] decision is based. However, we review the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citations omitted).

"Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (citation omitted). We therefore will not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence." *Id*. (citation omitted).

## II.

An individual claiming "Social Security disability benefits must prove that she is disabled." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted). The Social Security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *Moore*, 405 F.3d at 1211 (citation omitted); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must evaluate whether: (1) the claimant is engaged in substantial gainful employment; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment in the Listing of Impairments; (4) the claimant has the Residual Functional Capacity ("RFC") to perform past relevant work; and (5) in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. 20 C.F.R §§ 404.1520(a)(4), 416.920(a)(4); *see Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). If the ALJ determines

that the claimant is not disabled at any step of the evaluation process, the inquiry ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ must evaluate the claimant's RFC, and then use that finding to determine if the claimant can perform past work or find other work, at Steps Four and Five. 20 C.F.R. § 404.1520(e); *Phillips*, 357 F.3d at 1238–39. The ALJ makes an RFC finding based on all the evidence in the record, including medical history, medical reports, the effects of treatment, daily activities, lay evidence, symptoms, and medical source statements. *See* 20 C.F.R. §§ 404.1545(a)(3), C.F.R. 416.945(a)(3).

III.

*A. Weight of Non-Treating Physician*

Shaw argues that the ALJ did not apply the correct legal standard when he rejected the opinion of an examining, non-treating physician, Dr. Muller, because the ALJ did not give reasons for according his finding on limitations less weight.

Procedurally, an ALJ is "required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). Absent such a statement, a reviewing court cannot determine whether the ultimate decision is supported by

4

substantial evidence. *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985) (per curiam) (citation omitted). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation omitted) (second alteration in original).

In this case, the ALJ found that Dr. Muller was an examining physician, not a treating physician. An examining physician's opinion is generally given more weight than a non-examining physician, and more weight is generally given to a treating physician. *See* 20 C.F.R. § 404.1527(d)(1)–(2). For example, little weight is accorded to non-examining physicians where their opinions contradict that of an examining physician. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Shaw argues that the ALJ did not address Dr. Muller's opinion that she had poor abilities to interact with supervisors or to deal with work stress when making the RFC finding. (AR at 32).

The ALJ did not reject Dr. Muller's opinions explicitly or implicitly. Rather, he made two references to Dr. Muller's opinions, both of which were positive. (*Id*. at 22, 27). The ALJ noted that he found several statements made by

5

Shaw to Dr. Muller that were in direct conflict with statements made to Dr. Naqvi, and therefore not credible. (*Id.* at 22). Ultimately, however, he relied on Dr. Muller's opinions in making an RFC limiting Shaw to light exertional work, including work with simple instructions and no more than limited public contact. *Id*. Although he did not specifically address the findings regarding poor functionality in dealing with supervisors or stress, his RFC finding was not inconsistent with this.[1]

The ALJ supported his findings with substantial evidence. Accordingly, we find no reversible error, and affirm.

*B. Weight of Treating Physician*

Second, Shaw contends that the ALJ erred by rejecting the opinions of Dr. Naqvi, her treating physician, without giving adequate reasons. The opinion of a treating physician must be given substantial weight unless "good cause" is demonstrated to the contrary. *Crawford*, 363 F.3d at 1159 (citation omitted). The ALJ may find good cause "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3)

---

[1] Thus, even if the ALJ erred in failing to mention every finding made by Dr. Muller, any such error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1240–41 (citation omitted).

If the ALJ does not give substantial weight to the treating physician, he must clearly articulate his reasons for doing so. *Id*. (citation omitted). An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources, and the physician's opinion in this respect is not entitled to deference. 20 C.F.R. §§ 404.1527(e), 416.927(e).

Pursuant to 20 C.F.R. § 416.927(d)(2):

If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.

The factors from 20 C.F.R. § 416.927(d)(2)(i) and (ii) include length of treatment, frequency of treatment and the overall nature and extent of treatment. Factors from 20 C.F.R. § 416.927(d)(3)–(6) include supportability from medical signs and laboratory reports, consistency with the record as a whole, specialization of the doctor and other factors as necessary.

Substantial evidence supports the ALJ's decision to give Dr. Naqvi's opinion less weight. (AR at 26–27). To the extent that the ALJ rejected Dr. Naqvi's opinion because he found that Shaw was disabled and could not work for twelve months, that is a legal conclusion reserved for the agency determination. 20 C.F.R. §§ 404.1527(e), 416.927(e). To the extent that the ALJ rejected Dr. Naqvi's opinion concerning the severity of Shaw's symptoms in some respects, the ALJ properly declined to give full weight to these findings because substantial evidence supported the conclusion that they were in part conclusory or not supported by Dr. Naqvi's own records. (AR at 429–30, 488–89, 496–97, 501–05, 538).

The ALJ found good cause for not giving Dr. Naqvi's opinions substantial weight, and we affirm in this respect.

*C. Recontacting the Treating Physician*

Lastly, Shaw contends that the ALJ should have recontacted Dr. Naqvi if he found that there was not enough information about Shaw's work-related abilities. "[A] hearing before an ALJ is not an adversarial proceeding," and so "the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam) (citation omitted).

Pursuant to 20 C.F.R. § 404.1512(e)(1):

When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, . . . [w]e will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

If the medical sources do not provide sufficient medical evidence, the ALJ may order a physical or mental consultative examination at the government's expense. 20 C.F.R. § 404.1517. The decision to order one will be made only after the Commissioner has "given full consideration to whether the additional information needed (e.g., clinical findings, laboratory tests, diagnosis, and prognosis) is readily available from the records of [the applicant's] medical sources. *Id*. § 404.1519a(a)(1).

Pursuant to Social Security Ruling 96-5p (July 2,1996):

if the evidence does not support a treating sources's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

"In evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."

*Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (quotations omitted). The likelihood of unfair prejudice may arise if there is an evidentiary gap that "the claimant contends supports her allegations of disability." *Id.* at 936 n.9.

The ALJ did not err in this respect. Contrary to Shaw's argument, the ALJ only needed to recontact Dr. Naqvi if "the adjudicator cannot ascertain the basis of the opinion." Soc. Sec. Rul. 96-5p. In this case, the ALJ found that Dr. Naqvi did not adequately support his position, specifically finding that his opinion was contradicted by other findings and that he did not explain how Shaw would be limited. (AR at 27). In other words, the ALJ found that there was sufficient evidence, both from Dr. Naqvi's opinion and the record as a whole, to determine that Shaw was not disabled and that Dr. Naqvi's opinion was not entitled to full weight.

The ALJ did not need to recontact Dr. Naqvi to make this determination. Accordingly, because error did not result in unfairness or clear prejudice, we affirm in this respect.

## IV.

Because the ALJ's decision was supported by substantial evidence, and Shaw has shown no clear prejudice, we affirm.

**AFFIRMED.**